```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
PAUL T. WEWE,

                Plaintiff,
                                              MEMORANDUM AND ORDER

   -against-                                  19-CV-5000 (KAM)


MT. SINAI HOSPITAL, WORLD TRADE CENTER
HEALTH AND MONITOR PROGRAM (WTC HP), and
SEPTEMBER 11TH VICTIM COMPENSATION FUND,

                Defendants.

-------------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge:**

On September 3, 2019, Plaintiff Paul T. Wewe ("Plaintiff"), proceeding *pro se*, commenced this action against Mt. Sinai Hospital[1], the World Trade Center Health and Monitor Program ("WTC HP"), and the September 11th Victim Compensation Fund ("VCF") (collectively "defendants"), requesting an order that VCF change the onset date of plaintiff's economic loss due to his disability, and compensate him accordingly. Plaintiff further requests an order that the WTF HP and MSM provide the VCF with plaintiff's correct surgery date and that the onset

---

[1] Plaintiff has incorrectly sued Mt. Sinai Hospital and defendant's counsel has clarified that plaintiff should have sued Mount Sinai Medical Center, Inc. ("MSM"). (ECF No. 28, First Motion to Dismiss for Failure to State a Claim by Mt. Sinai Hospital.) This Memorandum and Order will thus refer to this defendant as MSM.

date of economic loss be adjusted accordingly.  (*See generally* ECF No. 1, Complaint dated 9/3/2019 (Compl.).)

Presently before the court are the VCF's motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)"), and MSM's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") for failure to state a claim. (ECF No. 34, Motion to Dismiss for Lack of Jurisdiction by September 11th Victim Compensation Fund; ECF No. 37, Motion to Dismiss for Failure to State a Claim by Mt. Sinai Hospital.)  Plaintiff has also filed additional unauthorized submissions which the court considered.  (ECF Nos. 41-48.)  The VCF and MSM's motions to dismiss are granted as set forth below, and Plaintiff's claims against the VCF and Mt. Sinai are dismissed.

## BACKGROUND

I. **The September 11th Victim's Compensation Fund**

In response to the September 11, 2001 terrorist attacks, Congress enacted the Air Transportation Safety and System Stabilization Act of 2001 (the "Air Stabilization Act"), in order to "provide compensation to any individual (or relatives of a deceased individual) who was physically injured or killed as a result of the terrorist-related aircraft crashes of September 11, 2001."  Air Stabilization Act, Pub.L. 107-42,

2

115 Stat. 230, § 403 (September 22, 2001). The Air Stabilization Act "established a Victim Compensation Fund with an expeditious, non-judicial proceeding to enable claimants to liquidate their claims promptly, and without assuming the risks and delays inherent in court proceedings." *In re Sept. 11th Litig.*, No. 21 MC 97 (AKH), 2007 WL 1965559, at *1 (S.D.N.Y. July 5, 2007). An individual who chooses to pursue this non-judicial route, "waives the right to file a civil action (or to be a party to an action) in any Federal or State court for damages sustained as a result of the terrorist-related aircraft crashes of September 11, 2001." Air Stabilization Act, § 405(c)(3)(B)(i).

The Air Stabilization Act also provides that "the Attorney General, acting through a Special Master . . . shall administer the compensation program established . . . ." *Id.* at § 404 (a)(1). The compensation determined by the Special Master is "final and not subject to judicial review." *Id.* at § 405 (b)(3). The Air Stabilization Act was originally only opened to claims from December 21, 2001 through December 22, 2003. *Id.* at § 405 (b)(3). As a result, in January 2011, Congress passed the James Zadroga 9/11 Health & Compensation Act of 2010 (the "Zadroga Act"), which was intended to, and did, reopen the VCF and expand upon the Air Stabilization Act. *See generally* the Zadroga Act, 76 Fed. Reg. 54112, 54112 (Aug. 31, 2011) (codified

3

at 28 C.F.R. § 104). The Zadroga Act clarifies that the amount of compensation received by the claimant "shall be reduced by all collateral source compensation the claimant has received or is entitled to receive as a result of the terrorist-related aircraft crashes of September 11, 2001, or debris removal in the immediate aftermath . . .." *Id*. at § 104.47. On July 29, 2019, the Zadroga Act was reauthorized. Pub. L. No. 116-34.

## II. Procedural History

On February 27, 2019, plaintiff filed a complaint against the VCF in this court alleging that his "claim was not properly re-evaluated by the VCF Claim Examiner" and asked that the VCF determination "reflect a full re-evaluation with [a disability] onset time [starting on] 07/23/2009 not 05/13/2013." *See generally Wewe v. September 11th Victim Compensation Fund*, No. 19-cv-1152, Complaint. On September 19, 2012, Mr. Wewe filed VCF Claim No. 0007221 and was awarded compensation by the VCF's Special Master. *Wewe v. September 11th Victim Compensation Fund*, No. 19-cv-1152, Letter Pursuant to November 15, 2019 Order, Dkt. No. 27. Plaintiff filed several amendments to his claim in which he alleged that his disability onset date was July 23, 2009, but the VCF had determined that Plaintiff became disabled on May 16, 2013 and calculated his compensation based on said date. *Id*. As of July 1, 2019, the Special Master had awarded Mr. Wewe a total of $751,728.91. *Wewe v. September*

4

*11th Victim Compensation Fund*, No. 19-cv-1152, July 1, 2019 Letter from VCF to Plaintiff, Dkt. No. 21-1.

Though the VCF intended to file a motion to dismiss, Mr. Wewe wrote to this court prior to such a motion being filed on September 3, 2019, requesting to dismiss the action. *Wewe v. September 11th Victim Compensation Fund*, No. 19-cv-1152, Letter dated 9/3/2019 from Paul Wewe to Judge Matsumoto. Accordingly, without objection, this court dismissed the action on September 6, 2019. *Wewe v. September 11th Victim Compensation Fund*, No. 19-cv-1152, Dkt. Order Dismissing Case 9/6/2019.

On the same day that plaintiff requested to dismiss his original complaint, he filed a second complaint initiating the instant action. (Compl.) Similar to Mr. Wewe's complaint in *Wewe v. September 11th Victim Compensation Fund*, plaintiff alleges that the VCF calculated his compensation based on an incorrect disability onset date and that MSM "should provide to the VCF . . . the correct date." (Compl. at 3.) Plaintiff also demands that the "VCF compensate for past, present, and future economic loss of earning[s]." *Id*. On January 9, 2020, this court issued a scheduling order for VCF's proposed motion to dismiss for lack of subject matter jurisdiction. (Dkt. Order, 1/9/2020.) On January 16, 2020, MSM asked to join the motion to dismiss briefing schedule and on January 21, 2020, the court granted the motion. (ECF No. 28, First Motion to Dismiss for

5

Failure to State a Claim by Mt. Sinai Hospital; Dkt. Order, 1/21/2020.)  On February 7, 2020, the defendants served their motions to dismiss and memoranda in support of their motions to dismiss.  (ECF No. 34, Motion to Dismiss for Lack of Jurisdiction by VCF; ECF No. 35, Memorandum in Support of VCF's Motion to Dismiss for Lack of Jurisdiction; ECF No. 37, First Motion to Dismiss for Failure to State a Claim by MSM; ECF No. 38, Memorandum in Support of MSM's Motion to Dismiss for Failure to State a Claim.)  On March 23, 2020, plaintiff served defendants with his opposing memorandum of law.  (ECF No. 32, Memorandum of Law in Opposition to Defendant's Motion to Dismiss.)  On April 6, 2020, the VCF and Mt. Sinai Hospital filed their replies in support of their motions to dismiss. (ECF No. 36, Reply in Support of Motion to Dismiss for Lack of Jurisdiction filed by VCF; ECF No. 40, Reply in Support of Motion to Dismiss for Failure to State a Claim filed by MSM.) On April 10, 2020, plaintiff filed a response to defendants' memoranda of law.  (ECF No. 41, Response to Defendant's 2nd Memorandum of Law.)

## DISCUSSION

### I. Standard of Review

#### A. Rule 12(b)(1)

"'A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court

6

lacks the statutory or constitutional power to adjudicate it.'" *Roman v. C.I.A.*, No. 11-CV-5944, 2013 WL 210224, at *4 (E.D.N.Y. Jan. 18, 2013) (quoting *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000)). It is well-settled that the "plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (citing *Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002)). In reviewing a Rule 12(b)(1) motion to dismiss, the court "must accept as true all material factual allegations in the complaint, but [the court is] not to draw inferences from the complaint favorable to plaintiff[]." *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004). Moreover, the court "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but [it] may not rely on conclusory or hearsay statements contained in the affidavits." *Id.*

   B.   **Rule 12(b)(6)**

When considering a motion to dismiss under Rule 12(b)(6), a district court must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007) (citation omitted). In considering a 12(b)(6) motion, the court may refer to "documents attached to the complaint as an exhibit or

7

incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Tech., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993) (internal citations omitted); *see also Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 1993) (clarifying that "reliance on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of a document on a dismissal motion; mere notice of possession is not enough.") (emphasis in original).

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Id*.

C. **Sovereign Immunity**

"[S]overeign immunity precludes suits against the United States and its agencies unless Congress specifically abrogates that immunity by statute." *Bloch v. United States Post Office*, No. 11-CV-659, 2011 U.S. Dist. LEXIS 15376, at *2

8

(E.D.N.Y. Feb. 16, 2011); *see also Adeleke v. United States*, 355 F.3d 144, 150 (2d Cir. 2004) ("It is, of course, 'axiomatic' under the principle of sovereign immunity 'that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.'" (quoting *United States v. Mitchell*, 463 U.S. 206, 212 (1983))). A waiver of sovereign immunity "must be unequivocally expressed in the statutory text." *Cooke v. United States*, 918 F.3d 77, 81 (2d Cir. 2019). "The Supreme Court frequently has held that waivers of sovereign immunity are 'to be strictly construed in terms of [their] scope, in favor of the sovereign.'" *Stein v. United States Dep't of Educ.*, 450 F. Supp. 3d 273, 276 (E.D.N.Y. 2020) (citing *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 261, 119 S.Ct. 687, 142 L.Ed.2d 718 (1999)). Any ambiguity within a waiver must be construed in favor of immunity. *FAA v. Cooper*, 566 U.S. 284, 290, 132 S.Ct. 1441, 182 L.Ed.2d 497 (2012).

## II. Lack of Subject Matter Jurisdiction

Pursuant to Rule 12(b)(1), the VCF moves to dismiss plaintiff's complaint for lack of subject matter jurisdiction. (ECF No. 35, Memorandum in Support of VCF's Motion to Dismiss for Lack of Jurisdiction.) The VCF contends that "the United States has not waived its sovereign immunity for Plaintiff's claim challenging the VCF's determination of his award." (*Id.*

at 5.) More specifically, the VCF argues that plaintiff cannot allege "any statutory waiver of VCF's sovereign immunity to bring his claims" in court and without any such waiver, "the Court lacks jurisdiction to consider the claims that are the subject of Plaintiff's complaint." *Id*.

Where, as here, the plaintiff is proceeding *pro se*, courts must construe the plaintiff's pleadings liberally. *See, e.g.*, *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008); *McEachin v. McGuinnis*, 357 F. 3d 197, 200 (2d Cir. 2004). Although liberally interpreted, a *pro se* complaint must still state a claim to relief that is plausible on its face. *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010). Applying the foregoing standards, this court has liberally interpreted plaintiff's complaint. Plaintiff's memorandum of law in opposition to VCF's motion based on the lack of subject matter jurisdiction cites to *Watson v. United States*, 133 F.Supp.3d 502 (E.D.N.Y. 2015), and *Millbrook v. Unites States*, 569 U.S. 50, 133 S.Ct. 1441, 185 L.Ed.2d 531 (2013). (ECF No. 32, Memorandum of Law in Opposition to Defendant's Motion to Dismiss.) The court assumes that plaintiff has cited to these cases to support his complaint's allegation that this court has subject matter jurisdiction because sovereign immunity has been waived in this action. However, these cases are distinguishable from plaintiff's case.

In both *Watson* and *Millbrook*, sovereign immunity was waived because plaintiffs in both actions were suing under the Federal Tort Claims Act ("FTCA"). *Watson v. United States*, 133 F.Supp.3d 502 (E.D.N.Y. 2015); *Millbrook v. Unites States*, 569 U.S. 50, 133 S.Ct. 1441, 185 L.Ed.2d 531 (2013). Unlike the FTCA where sovereign immunity has been explicitly waived in the statute, 28 U.S.C. § 2680(h), the Air Stabilization Act and Zadroga Act do not waive sovereign immunity, but instead explicitly preclude judicial review. The Air Stabilization Act clearly provides that an individual who chooses to file a VCF claim, "waives the right to file a civil action (or to be a party to an action) in any Federal or State court for damages sustained as a result of the terrorist-related aircraft crashes of September 11, 2001." § 405(c)(3)(B)(i). Similarly, the Zadroga Act, which reopened the VCF and expanded the Air Stabilization Act, provides that an individual who chooses to file a claim with the VCF, "waives the right to file a civil action (or be a party to an action) in any Federal or State court for damages sustained as a result of the terrorist-related aircraft crashes of September 11, 2001." 28 C.F.R. § 104.61. Both the VCF's authorizing statute and the Zadroga Act explicitly prelude judicial review by stating that determinations by the VCF Special Master "shall be final and not

subject to judicial review." Air Stabilization Act, § 405(b)(3).

It is clear that Congress intended that VCF award recipients be precluded from challenging their awards in state or federal court. *See Virgilio v. City of New York*, 407 F.3d 105, 112-13 (2d Cir. 2005)("In our view, the waiver provision is unambiguous . . . Fund claimants waive their right to bring civil actions resulting from any harm caused by the 9/11 attacks.") VCF award determinations are not subject to review by federal courts. *See id.; Schneider v. Feinberg*, 345 F.3d 135, 145 (2d Cir. 2003) ("Congress has confided each award to the sealed box of a Special Master's mind, has refrained from meaningful prescriptions, and has placed the result beyond the reach of review."); *In re Sept. 11th Litig.*, No. 21 MC 97 (AKH), 2007 WL 1965559, at *1 (S.D.N.Y. July 5, 2007) ("those who applied to the Victim Compensation Fund gave up their right to bring claims in this Court.")

This court agrees with the VCF in that "by filing his claim with the VCF, Plaintiff made the choice to waive the right to any judicial review of his damage award." (ECF No. 35, Def. Memo at 7.) The Air Stabilization Act and Zadroga Act make clear that sovereign immunity has not been waived; thus, this court lacks subject matter jurisdiction to review plaintiff's challenges to his VCF award.

12

### III. <u>Failure to State a Claim</u>

Plaintiff separately alleges in his complaint that MSM "should provide to the VCF the correct date of the surgery", which is also the "onset date of economic loss." (Compl. at 3.) MSM argues in its motion to dismiss that "plaintiff has not stated a cause of action for which relief can be granted" because "he does not request any monetary relief from MSM," nor does he plead "any allegations that MSM acted improperly in any way." (ECF No. 38, Memorandum in Support of MSM's Motion to Dismiss for Failure to State a Claim, at 6.) MSM also contends that "the action is rendered moot should the claims against VCF be dismissed" since "there is no 'case or controversy' for the Court to decide with respect to MSM as plaintiff's request that MSM be compelled to provide the correct date of surgery to VCF is moot if the claims against VCF are dismissed." *Id.* *See Stewart v. NYNEX Corp.*, 78 F. Supp. 2d 172, 179 (S.D.N.Y. 1999); *see also International Organ of Master, Mates & Pilots v. Brown*, 498 U.S. 466, 473 (1991) ("A case becomes moot when interim relief or events have eradicated the effects of defendant's act . . . . A case may not be moot if the underlying dispute between the two parties is capable of repetition, yet evading review.") The court agrees with defendant. The court has already determined that it does not have subject matter jurisdiction to review plaintiff's claims challenging VCF's award determination.

13

As such, plaintiff's claim against MSM is moot as the claim is intrinsically linked to the claim against VCF, which this court does not have jurisdiction to entertain.

## CONCLUSION

For the reasons set forth above, the VCF's motion to dismiss for lack of subject matter jurisdiction, and the MSM's motion to dismiss for failure to state a claim are granted, and Plaintiff's claims against VCF and MSM are dismissed. It is "well established that leave to amend a complaint need not be granted when amendment would be futile." *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) ("[M]otions to amend should generally be denied in instances of futility.") Because amendment would be futile because of this court's lack of subject matter jurisdiction, judgment will be ordered in favor of defendants. The Clerk of Court is respectfully directed to serve plaintiff with a copy of this Memorandum and Order. **SO ORDERED.**

**Dated:** February 11, 2021
Brooklyn, New York

_____/s/_____
**KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York